**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOGA SINGH, | No. 08-72591 |
| Petitioner, | Agency No. A096-139-449 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Joga Singh, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if Singh credibly established past persecution, any presumption of a well-founded fear was rebutted by evidence that he could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Gonzalez-Hernandez*, 336 F.3d at 998-99. Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to demonstrate it is more likely than not he will be tortured if returned to India. *See* 8 C.F.R. § 1208.16(c)(3); *see also Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

We reject Singh's contention that the IJ failed to adequately consider his documentary evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (petitioner must overcome the presumption that the agency considered all the evidence).

08-72591

We decline to review Singh's contention that he is eligible for humanitarian asylum because the BIA did not review this claim, *see Azanor v. Ashcroft*, 364 F.3d 1013, 1020-21 (9th Cir. 2004), and he does not contend the BIA erred in failing to do so, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**